STATE *ex rel.* THE B. F. GOODRICH Co., a New York Corporation, Authorized To Do Business in the State of Florida, and L. S. BROWN v. WORTH W. TRAMMELL, H. F. ATKINSON, PAUL D. BARNS, and ARTHUR GOMEZ, as Circuit Judges of Dade County.

192 So. 175

Division B

Opinion Filed November 17, 1939

502

*McKay, Dixon & DeJarnette,* for Petitioners;
*Knight & Green,* for Respondents.

Brown, J.—A common-law action was instituted by Charles D. Hughes against the petitioners. The declaration alleged injury suffered by Hughes, due to the negligence of petitioners, The B. F. Goodrich Co. and L. S. Brown, while he was employed at their place of business in Miami. Pleas to this declaration were filed by the petitioners, defendants below, setting up that the defendant corporation had complied with, and that the case was governed by, the Workmen's Compensation Act and that the plaintiff was subject to said Act, and had no right to sue in the circuit court, such court being without jurisdiction. Plaintiff filed replications to these pleas alleging failure on the part of the defendants to comply with the statute in several particulars, especially with reference to Section 40 of the Act. After extended pleading, raising questions of law and fact which it was within the jurisdiction of the circuit court to rule upon and decide, subject of course to appellate review, issue was finally joined and the cause set down for trial.

Subsequently, but before the trial was had, petitioners made application to this Court for a writ of prohibition, alleging therein a lack of jurisdiction on the part of the circuit court to entertain or proceed further with the suit. A rule *nisi* was issued, and thereafter the respondents filed a motion to quash the rule *nisi* and a demurrer to the petition or suggestion for the issuance of the writ.

The parties to this controversy have attempted to raise several questions relative to the interpretation of certain sections of the Workmen's Compensation Act, based on the pleadings in the case, and which were ruled upon by the circuit court, but this Court cannot at this time pass upon them, because they are not properly before this tribunal. For instance, the defendant corporation's pleas, setting up that they had complied with the requirements of the Workmen's Compensation Act and that plaintiff's only remedy was under that Act, and that he could only proceed against the defendant before the Florida Industrial Commission, were denied by the plaintiff, and even though the said pleas be good on their face (and the trial court held that some of them were) plaintiff would have to prove them in order to conclusively show that the circuit court was without jurisdiction. It may be that some one or more of plaintiff's replications to defendant's pleas should have been held bad on demurrer, but they were submitted to the trial court to rule upon, and if he ruled erroneously, defendant had its remedy by writ of error. The questions presented here are to such a large extent questions of fact (alleged but not yet ·proven), as well as of law, that lack of jurisdiction is not made conclusively to appear.

We have repeatedly held that the writ of prohibition is that process by which an inferior court is restrained by a superior court from usurping jurisdiction over parties or

subject matter with which it has not been vested by law, or when action is threatened which would be in excess of and beyond its jurisdiction. It is an extraordinary writ and is issued only when the party seeking it is without other and adequate means of redress for the wrong about to be perpetrated by such threatened non-jurisdictional action of the lower tribunal. State v. Malone, 40 Fla. 129, 25 Sou. Rep. 575; Crill v. State Road Dept., 96 Fla. 110, 117 Sou. Rep. 796; Curtis v. Albritton, 101 Fla. 853, 132 Sou. Rep. 677; State v. Drumright, 116 Fla. 496, 156 Sou. Rep. 721; Walters v. Blanton, 126 Fla. 428, 171 Sou. Rep. 230.

The writ of prohibition is never allowed to usurp the functions of an appeal, writ of error or certiorari. (See authorities, *supra.*)

The circuit courts of the State of Florida are courts of general jurisdiction—similar to the Court of King's Bench in England—clothed with most generous powers under the Constitution, which are beyond the competency of the Legislature to curtail. *Ex Parte* Henderson, 6 Fla. 279; Lamb v. State, 91 Fla. 396, 107 Sou. Rep. 535. They are superior courts of general jurisdiction, subject of course to the appellate and supervisory powers vested in the Supreme Court by the Constitution, and as a general rule it might be said that nothing is outside the jurisdiction of a superior court of general jurisdiction except that which is clearly vested in other courts or tribunals, or is clearly outside of and beyond the jurisdiction vested in such circuit courts by the Constitution and the statutes enacted pursuant thereto. Chapman v. Reddick, 41 Fla. 120, 25 Sou. Rep. 673; Curtis v. Albritton, 101 Fla. 853, 132 Sou. Rep. 677.

Circuit courts of the State of Florida have exclusive jurisdiction of all cases in equity, all cases at law, and all criminal cases not cognizable by inferior courts. Section

11, Article V of the Constitution; State v. Sullivan, 95 Fla. 191, 116 Sou. Rep. 255.

In 15 C. J. 851-853, it is aptly said:

"Every court has judicial power to hear and determine the question of its own jurisdiction, both as to parties and as to subject matter, and necessarily does so by proceeding in the cause. When at any time or in any manner it is in good faith represented to the court by a party or an *amicus curiae* that it has not jurisdiction, the court will examine the grounds of its jurisdiction before proceeding further. The court may receive testimony on a preliminary question to determine its jurisdiction, and is not bound to dismiss the suit on a mere allegation of lack of jurisdiction, but may inquire into the correctness of the averment. A court cannot pass on its own existence as a court." * * *

"A court having jurisdiction to decide as to its own jurisdiction in any particular case, it follows that its decision will have the same effect and conclusiveness as would its decision on any other matter within its jurisdiction; and where the jurisdiction of a court depends on a fact which it is required to ascertain, its judgment determining that such fact does or does not exist is conclusive on the question of jurisdiction, until set aside or reversed by direct proceedings. But where the question of jurisdiction is one of law, a court cannot by any erroneous decision acquire jurisdiction which it has not, or divest itself of jurisdiction which it has."

A thorough examination of the proceedings in the present case convinces this Court that there is not sufficient grounds shown upon the face of the record to divert the said suit from the regular channels of procedure by granting writ of prohibition.

For the above reasons the demurrer of the respondents is sustained and the rule *nisi* is discharged.

It is so ordered.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.