364 So.2d 539 (1978)
Mariano YU, Appellant,
v.
G.C. WEAVER, A.T. Marchese and Marian C. Marchese, Felix E. Turner and Margaret G. Turner, and Wilson Luther, et Ux., et al., Appellees.
No. 77-1685.
District Court of Appeal of Florida, Fourth District.
November 22, 1978.
*540 Carl W. Pearson, Titusville, for appellant.
William T. McCluan, of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellees, A.T. Marchese, Marian C. Marchese, Felix E. Turner and Margaret G. Turner.
BERANEK, Judge.
Appellant was the defendant below and seeks review of an order denying a motion to vacate a final order and to set aside a master's deed. Defendant was the owner of a piece of real property which was the subject of the suit in question. The initial proceeding was brought to foreclose a tax lien on the real estate which eventually resulted in the issuance of a master's deed to the present owner of the property. The initial complaint contained sworn allegations that the plaintiff was unsuccessful in a diligent search and inquiry as to the defendant's residence, and service on the defendant in the initial proceeding was by publication. A default was entered against the defendant and a final judgment was eventually entered on August 5, 1974.
The defendant's motion to set aside the proceedings was filed February 25, 1977, or more than two years after the final judgment. The motion was unsworn. Defendant's contentions in support of the motion were basically twofold. Defendant contended that the original foreclosure was improper because the statutory lien foreclosure process was not followed. Instead, the plaintiff foreclosed the lien in a proceeding analogous to a regular mortgage foreclosure action. Defendant also argued that the court never had jurisdiction over him because the plaintiff's sworn allegations in regard to diligent search and inquiry were false. We must affirm the order below.
The motion to set aside filed February 25, 1977, was filed more than two years after the final judgment and was not within the one-year limitation provided by Fla.R.Civ.P. 1.540(b). A post judgment petition to set aside a final judgment on the grounds of fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party must be brought not more than one year from the final judgment. August v. August, 350 So.2d 794 (Fla. 3d DCA 1977). Furthermore, the motion itself was unsworn and not supported by evidence of any sort at the hearing thereon. In this respect see Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976). Therefore, there was no basis upon which the court could have found that plaintiff's affidavit as to diligent search was false. The unsworn motion without more did not warrant vacating a prior final judgment which on its face appeared proper.
*541 In view of our finding that the motion to vacate was untimely and totally unsupported, we need not decide the question of whether the procedure followed in foreclosing the lien was proper in all respects.
The order appealed from is hereby affirmed.
AFFIRMED.
DOWNEY, C.J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially:
I concur in the majority opinion and further note that our decision does not preclude the appellant from challenging the validity of the judgment in question in a separate proceeding, either on the grounds that the foreclosure procedure was improper, or that the previous sworn allegations as to service of process constituted a fraud upon the court. See Fla.R.Civ.P. 1.540(b).