CAMPBELL, Judge.
Appellant, American Capital Corporation (American Capital), formerly known as Viking General Corporation, seeks review of the trial court’s entry of an amended final judgment. We affirm. On cross-appeal, appellee, Esther Forshee, argues that the trial court erred by entering the amended final judgment without an evidentiary hearing to determine the exact amounts to which she was entitled. We agree and remand to the trial court for an evidentiary hearing.
Presented here is a dispute between two of the defendants in a foreclosure suit which has been before the courts for many years. American Capital was the landowner/defendant in the original foreclosure action. Forshee was joined as a defendant because she was the assignee of an interest in a $500,000.00 note given by American Capital. Exchange National Bank of Winter Haven (Exchange Bank) was an assign-ee of the same note and was also joined as a defendant. Forshee’s interest was secondary to the interest held by Exchange Bank.
The original judgment was entered in 1976. Two appeals followed. Subsequently, Forshee filed a motion to enter an amended final judgment seeking to have the trial court particularize her rights as adjudicated under the 1976 judgment. In 1983, an amended final judgment and a second amended final judgment were entered. We believe the amendments, as they now stand, merely clarify the vague provisions of the 1976 judgment as required by later events. We find there has been no material alteration of the original final judgment.
American Capital claims that the trial court did not have jurisdiction to amend the final judgment under paragraph five of the 1976 judgment. Paragraph five provides:
5. Defendant EXCHANGE NATIONAL BANK OF WINTER HAVEN and ESTHER FORSHEE, as her interest may appear, (hereinafter referred to as EXCHANGE BANK,) [sic] is due from VIKING GENERAL CORP. $394,400.00 dollars as principal, $82,968.70 dollars as interest to date of this Judgment, $25,-000.00 dollars for attorneys fees, $1,814.67 dollars for court costs now taxed under the note and mortgage in this action, making a total sum of $504,-183.37 dollars. If the EXCHANGE NATIONAL BANK OF WINTER HAVEN receives the amount ($504,183.37), then the bank is ordered to pay into the registry of the Court any surplus over the amount to which they are entitled. The Court retains jurisdiction over said funds and the parties hereto to determine the parties[’] respective rights thereto. (Emphasis supplied.)
Exchange Bank received less than $504,-183.37 from American Capital. Therefore, no surplus funds were paid into the court registry. Appellant claims that because there were no surplus funds, the condition for retained jurisdiction was not met.
*1012 However, we find that the 1976 judgment contained more than one reservation of jurisdiction. Paragraph twenty-three of the final judgment states:
The Court retains jurisdiction of this cause in its entirety to enter such further Orders as are proper.
This clause alone reserved jurisdiction for the trial court to enter an amended final judgment. Therefore, as to American Capital’s first point, we affirm.
We find no merit in American Capital’s second argument on appeal.
On cross-appeal, Forshee claims the trial court erred by failing to hold an evidentia-ry hearing to particularize her rights under paragraph five of the 1976 judgment prior to amending the final judgment. We agree.
Paragraph five awarded $394,000.00 in principal, $25,000.00 in attorney’s fees, plus certain other sums to Exchange Bank “and Esther Forshee, as her interest may appear.” We find that paragraph five is unclear because it does not specify how much of the award each of the named parties is entitled to receive.
The amended final judgment provides that Forshee “is entitled to all sums not previously claimed or paid” to Exchange Bank. Exchange Bank settled its claim against American Capital for $256,-000.00 in principal, $25,000.00 in attorney’s fees, plus other costs. No other payments appear to have been made to Exchange Bank or Forshee. We direct the trial court to determine how much of the funds were properly paid to Exchange Bank and, according to her proof, how much, if any, of the remainder of the funds enumerated in paragraph five Forshee is entitled to receive.
Forshee also claims on cross-appeal that the second amended final judgment eliminated her right to post-judgment interest, attorney’s fees and costs. We disagree with Forshee’s argument. We find that in the second amended final judgment, the trial court stated that it had not considered or determined Forshee’s rights to post-judgment interest, attorney’s fees and costs. On remand, the trial court may consider and award post-judgment interest, attorney’s fees and costs from the date of the 1976 judgment insofar as Forshee shows they are justifiable. Forshee is not entitled to prejudgment interest, attorney’s fees and costs, except for the portion of those payments set out in paragraph five to which she might be entitled.
Finally, at oral argument, the parties agreed that the second amended final judgment contained a typographical error; the award of attorney’s fees in paragraph two should read: $25,000.00, not $35,000.00. The trial court should correct this error on remand.
Affirmed on appeal. Reversed in part and affirmed in part on cross-appeal, and remanded with directions.
OTT, A.C.J., and BOARDMAN, J., concur.