584 So.2d 86 (1991)
Harvey A. SCHNEIDER, Appellant,
v.
Connie D. CURREY, Appellee.
No. 90-02814.
District Court of Appeal of Florida, Second District.
July 24, 1991.
*87 William A. Borja, Clearwater, for appellant.
Margot Pequignot and Nancy S. Paikoff of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellee.
FRANK, Judge.
Harvey A. Schneider borrowed $31,000 from Connie D. Currey and subsequently filed a voluntary petition in bankruptcy. Currey was identified as a creditor in the petition. Schneider's indebtedness at the time of filing the petition was $29,000. On July 20, 1986, two days after the petition was filed, Schneider executed a promissory note in favor of Currey in that amount. Schneider made payments on the July 20 note beginning in August of 1986. Some four months later, on November 28, 1986, Schneider received his discharge in bankruptcy, but he continued to make payments on the July 20 note until its balance was reduced to $24,000 plus interest. Schneider stopped the payments, and in November of 1989 Currey sued Schneider on the promissory note. Schneider pleaded his discharge as an affirmative defense. The trial court entered judgment against Schneider, concluding that the July 20 note constituted a reaffirmation agreement revitalizing the indebtedness owed to Currey. We reverse.
We note at the outset that counsel for Currey urges us to consider the following factual matters originating in a memorandum of law presented to the trial court: "When Appellant executed the new note on July 20, 1986, he assured Appellee that the debt would survive bankruptcy. Appellant's counsel also represented to Appellee that the bankruptcy would not affect Appellant's obligation to repay the debt." Currey asserts that because the memorandum of law is a part of the record on appeal, we are able to consider those same factual matters which are now contained within Currey's brief. The non-record matters are apparently pursued by Currey in an effort to demonstrate an equitable estoppel. We are persuaded, however, that even if the statements and representations attributed to Schneider were a part of the record, they would not, as we show below, sustain the conclusion that the promissory note reached the level of a reaffirmation agreement. In any event, we may not depart from the rule that unproven utterances documented only by an attorney are not facts that a trial court or this court can acknowledge.
Currey initiated her claim as one arising solely from the execution of a promissory note and her complaint did not treat the promissory note as a reaffirmation agreement. It was only after Schneider raised his bankruptcy discharge as a defense that Currey urged the note as a reaffirmation of the discharged debt. *88 Hence, says Currey, the discharged obligation was infused with a new life. The trial court concurred in Currey's contention that the July 20 note was a "reaffirmation" agreement within the meaning of 11 U.S.C. § 524(c) (1982). We disagree. The trial court's reliance upon In re Richardson, 102 B.R. 254 (Bankr.M.D.Fla. 1989), was misplaced.
The primacy of the Bankruptcy Code following the debtor's discharge is reflected in section 524(a)(2). By reason of that section, the discharge "carries with it an injunction against debt collection efforts. The injunction ... is intentionally broad in scope and is intended to preclude virtually all actions by a creditor to collect personally from the debtor... . The discharge enjoins judicial actions and informal actions to collect." Norton Bankr.L & Prac § 27.03 (1982). An exception to the injunctive prohibition against post-discharge debt collection is found in section 524(c), i.e., a valid reaffirmation agreement. We turn to the question of whether the July 20 note constituted an enforceable reaffirmation agreement.
The pertinent substance of section 524(c) of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq., provides that an agreement between a creditor and a debtor asserted as the reaffirmation of a discharged debt is unenforceable unless such agreement contains a clear and conspicuous statement advising the debtor that he or she is entitled to rescind the agreement at any time prior to the discharge, or within 60 days after the agreement is filed with the court; that the agreement filed with the court is accompanied by a declaration or the affidavit of an attorney, if the debtor has an attorney, which states that the agreement represents a fully informed and voluntary agreement by the debtor; and that the agreement does not impose an undue hardship on the debtor or on the dependent of a debtor. Moreover, this section of the statute requires that when the discharge has been granted and the debtor desires to enter an agreement reaffirming a discharged debt, the bankruptcy court shall hold a hearing at which time it shall inform the debtor that the agreement is not required by law and explain the legal effect and the consequences of the reaffirmation agreement. It becomes evident beyond peradventure that the trial court erroneously characterized the July 20 promissory note as a reaffirmation of Schneider's discharged debt. Here, unlike the approval given to the reaffirmation agreement passed upon by the bankruptcy court in In re Richardson, the promissory note does not contain a clear and conspicuous statement advising Schneider that he was entitled to rescind the note at any time prior to discharge, or within 60 days following its being filed with the bankruptcy court. Furthermore, it does not appear that the note was ever filed with that court. Had it been timely filed with the bankruptcy court, it would have had to have been accompanied by an affidavit from Schneider's attorney stating that the note was the result of Schneider having been fully informed of its effect, that it was voluntarily entered and that it would not impose an undue hardship on Schneider or one of his dependents. Section 524 also requires that when a discharge has been granted and it is the debtor's purpose to renew an obligation that has been discharged, the bankruptcy court must conduct a hearing at which the debtor is advised that he or she is not under any compulsion to enter such an agreement and informed of the effect flowing from its execution.
It is true, as is urged by Currey, that the absence of a hearing before the bankruptcy court was not an infirmity in finding the existence of a valid reaffirmation agreement in In re Richardson, but the paramount factor in that case was that the document found to be an enforceable reaffirmation agreement embodied all of the requirements of section 524. An additional factor influencing the outcome in that case was the debtor's actions causing the creditor not to initiate an adversary proceeding before the bankruptcy court within the prescribed time and prior to discharge. Thus, the equitable estoppel in In re Richardson was grounded upon vastly more than a document bearing merely an acknowledgment of indebtedness. Here, of course, it *89 cannot be said that the July 20 note fulfilled any of the requirements of section 524.
In reaching our conclusion to reverse the trial court, we have not been insensitive to the effect of our decision upon the interest of Currey to recapture the money she gave to Schneider. There is no question that Schneider is morally obligated to repay the indebtedness. That obligation, however, will not overcome the Bankruptcy Code's barrier to the enforcement of a discharged debt.
Accordingly, based upon the foregoing we reverse and vacate the final judgment and remand this matter with the direction that the complaint be dismissed with prejudice.
RYDER, A.C.J., and PARKER, J., concur.