636 So.2d 838 (1994)
BLIMPIE CAPITAL VENTURE, INC., Appellant,
v.
PALMS PLAZA PARTNERS, LTD., a Florida Limited Partnership, Appellee.
No. 93-01184.
District Court of Appeal of Florida, Second District.
May 6, 1994.
*839 Gary Silberman, North Miami Beach, for appellant.
Leonard H. Marks of Marks & Marks, P.A., Tampa, for appellee.
LAZZARA, Judge.
The appellant (Blimpie) challenges the trial court's order denying its motion for relief *840 from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b). We affirm.
The appellee (Palms Plaza) leased commercial property to Blimpie. Blimpie failed to pay rent and, consistent with the terms of the lease, Palms Plaza filed suit seeking a judgment for both past due rent and accelerated rent for the balance of the term of the lease. Blimpie was served with the complaint but failed to respond. After the clerk entered a default, Palms Plaza filed a motion for entry of judgment supported by appropriate affidavits. The trial court granted the motion and rendered a final judgment fixing damages for unpaid rent that included sums due on an accelerated basis. In the judgment, the trial court specifically "retain[ed] jurisdiction of this matter to enter any orders that may be necessary."
Blimpie filed a motion to set aside final judgment and to vacate default, which it later amended. The trial court entered a written order denying the amended motion without explanation. Blimpie did not appeal this order.
Blimpie then filed the motion that is the subject of this appeal. The essence of the motion, which was unsworn and unsupported by affidavit, focused on Palms Plaza's procurement of the final judgment through fraudulent representations sufficient to shock the conscience of the court. It alleged that Palms Plaza had retaken possession of the property, had leased it to a third party, and was collecting rent. Blimpie contended that based on these acts, Palms Plaza should not have been allowed to obtain a judgment that included as damages rent due on an accelerated basis, citing Coast Fed. Sav. & Loan Ass'n v. DeLoach, 362 So.2d 982 (Fla. 2d DCA 1978). It thus requested the trial court to relieve it of the burden of the final judgment by finding the judgment had been satisfied or discharged or, alternatively, by requiring Palms Plaza to prove its actual damages.
At the hearing on the motion, Blimpie failed to offer any evidence or testimony supporting its allegations of fraud. Instead, its attorney only presented argument interspersed with unsworn representations of fact. The attorney for Palms Plaza brought this shortcoming to the attention of the trial court by noting the absence of any factual basis to which he could respond.[1]
We conclude that the trial court was correct in denying the motion. As was held in Yu v. Weaver, 364 So.2d 539, 540 (Fla. 4th DCA 1978), such an "unsworn motion without more did not warrant vacating a prior final judgment which on its face appeared proper."[2] Moreover, this proof deficiency was not cured by the factual representations made by Blimpie's attorney in the motion and at the hearing. We have held that, in the absence of a stipulation, a trial court cannot make a factual determination based on an attorney's unsworn statements. State v. Brugman, 588 So.2d 279 (Fla. 2d DCA 1991). A trial court, as well as this court, is also precluded from considering as fact unproven statements documented only by an attorney. Schneider v. Currey, 584 So.2d 86 (Fla. 2d DCA 1991). See also Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982) ("If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.")[3]
We would observe, however, that Blimpie is not without a remedy, a fact that counsel for Palms Plaza acknowledged to the trial court, as well as at oral argument. If Palms Plaza has retaken possession of the premises and is collecting rent from a third party, then Blimpie, upon the presentation of appropriate proof, would be entitled to an *841 accounting from Palms Plaza for the rent it has received and to have this sum applied to the amount due under the final judgment for accelerated rent. Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enter., Inc., 235 So.2d 344 (Fla. 2d DCA 1970). Accord Quintero-Chadid Corp. v. Gersten, 582 So.2d 685 (Fla. 3d DCA 1991).
As noted, the trial court reserved jurisdiction over the case to enter necessary orders. In our view, this clause confers continuing jurisdiction on the trial court to amend the final judgment, based on appropriate pleading and proof, to reflect credit for rental income received by Palms Plaza from a third party over the term of its original lease with Blimpie. See American Capital Corp. v. Forshee, 447 So.2d 1010 (Fla. 2d DCA 1984).
We recognize that based on the peculiar posture of this case, the procedure we have fashioned may result in multiple hearings before the trial court that may become complicated by Palms Plaza's efforts to execute on and thereby satisfy its judgment prior to the expiration of the original lease term. However, if properly invoked, Florida Rule of Civil Procedure 1.550(b) provides the trial court with an appropriate procedural mechanism to accommodate the interests of the parties during the accounting process.[4]
In City of Coral Gables v. Hepkins, 107 Fla. 778, 144 So. 385 (Fla. 1932), the court construed the provisions of the statutory predecessor to this rule.[5] It held that stays of execution under the statute were:
[A]uthorized to be granted upon any circumstances disclosed to the court from which it is clear that, in order to prevent an abuse of the court's process, the judgment ought not to be further executed or enforced, or if execution be proper to be enforced, yet there is good reason why it should be postponed. 107 Fla. at 789, 144 So. at 388 (emphasis added).
See also Gann v. Levitt & Sons of Florida, Inc., 193 So.2d 200, 201 (Fla. 4th DCA 1966) (citing Hepkins for the proposition that "[t]he object of F.S.A. § 55.38 is to expressly authorize courts to correct, restrain and control their own proceedings.") Additionally, a trial court's order on a motion to stay execution is subject to appellate review. Dade County v. Brigham, 40 So.2d 835 (Fla. 1949).
In closing, we again remind counsel that an unsworn motion filed under rule 1.540(b) that is not supported by evidence at a hearing is insufficient to justify the setting aside of a final judgment valid on its face, thereby overturning vested interests. ARDC-Hospitality Management, Inc. v. Randell, 620 So.2d 254 (Fla. 4th DCA 1993). We also emphasize again that, in the absence of a stipulation, the proof necessary to support the granting of such a motion cannot be supplied by argument or objected to representations of counsel.
Affirmed.
FRANK, C.J., and ALTENBERND, J., concur.
NOTES
[1] In his written response to the motion, the attorney also noted that it was based on the unsworn assertions of counsel and should not be considered by the trial court without supporting proof.
[2] Blimpie's counsel conceded to the trial court and at oral argument that it was not contesting the validity or finality of the judgment.
[3] Waste Management, Inc. v. Florida Power & Light Co., 571 So.2d 507 (Fla. 2d DCA 1990) and Bartholomew v. Bartholomew, 611 So.2d 85 (Fla. 2d DCA 1992) are distinguishable. The record in this case reflects that counsel for Palms Plaza made a timely objection to the written and oral assertions of Blimpie's counsel.
[4] This subsection provides as follows:

(b) Stay. The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties.
[5] The statute was enacted by the legislature in 1844. See Act March 15, 1844, § 6. It was repealed in 1967, when it was designated section 55.38, Florida Statutes, because of its preemption by rule 1.550(b). See Ch. 67-254, § 49, at 691, and Reviser's Notes I, at 692, 698, Laws of Fla. Between its enactment and repeal the language of the statute remained the same and was substantially similar to the rule:

The court before which an execution is returnable may, on a motion and notice to the adverse party, for good cause, upon such terms as the court may impose, direct a stay of the same, and the suspension of proceedings thereon.