661 So.2d 33 (1995)
Julio HERNANDEZ and Lail Finlay, his wife, Appellants,
v.
COOPERVISION, INC., San Jose, California; Coopervision (U.K.) Ltd., South Hampton, England, Appellees.
No. 94-02360.
District Court of Appeal of Florida, Second District.
March 22, 1995.
*34 William A. Post, Dunnellon, for appellants.
James B. Thompson and Rebecca Sandefur of The Thompson Law Group, P.A., St. Petersburg, for appellees.
LAZZARA, Judge.
The appellants, Julio Hernandez and Lail Findlay, challenge the trial court's order dismissing their second amended complaint for lack of subject matter jurisdiction. We reverse and remand for further proceedings because the record does not contain a sufficient evidentiary basis upon which to sustain the trial court's determination.
The second amended complaint sought damages for a personal injury suffered by appellant Hernandez as the result of the insertion in his right eye of an allegedly defective contact lens manufactured and distributed by the appellees. Appellant Findlay, his wife, claimed damages for loss of consortium and medical expenses. The counts of the complaint directed at the appellees were based on theories of negligent design and manufacture, strict liability, and breach of implied warranties.[1]
The appellees filed a perfunctory motion to dismiss pursuant to Florida Rule of Civil Procedure 1.140(b)(1) alleging only that the trial court did "not have jurisdiction over the subject matter of the above entitled cause." They supplemented the motion with a memorandum of law containing a brief summary of their version of the facts and legal argument. They alleged that "[t]he device involved in this action is a hydrophilic plastic contact lens (`the lens') regulated by the Food and Drug Administration (`FDA') as a Class III medical device under the Medical Device Amendments (`MDA') of 1976. See 21 U.S.C. Section 360 et seq. and attached `Notice of Implementation' at page 63474."[2] They then argued that this federal regulatory statute preempted "state law with respect to claims made under state law against federally regulated products." Thus, the appellees concluded, the trial court lacked subject matter jurisdiction over the appellants' causes of action.
The trial court conducted a ten minute hearing on the motion at which counsel for the parties argued their respective positions. It later rendered a simple order granting the motion without explanation. The appellants responded with a motion for rehearing claiming that the appellees had failed "to establish sufficient ultimate facts upon which to base this court's determination that it lacked subject matter jurisdiction." One of appellants' complaints was that appellees "failed to show that the extended wear contact lens material in this cause was a `Class III' device." The trial court denied the motion, finding it contained matters previously asserted and argued at the hearing on the motion to dismiss.
We begin our analysis by noting that the issue of federal preemption is a question of subject matter jurisdiction. Florida Auto. Dealers Ind. Benefit Trust v. Small, 592 So.2d 1179, 1183 (Fla. 1st DCA 1992). We also observe that there is a long-standing presumption against federal preemption of the exercise of the power of the states. E.g., New York State Dep't of Social Servs. v. Dublino, 413 U.S. 405, 413-14, 93 S.Ct. 2507, 2513, 37 L.Ed.2d 688 (1973). Thus, the party claiming preemption bears *35 the burden of proof and must establish that Congress has clearly and unmistakably manifested its intent to supersede state law. Bravman v. Baxter Healthcare Corp., 842 F. Supp. 747, 753 (S.D.N.Y. 1994).
In State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939), our supreme court recognized the authority of a court to hear and determine the question of its jurisdiction both as to parties and as to subject matter. Consistent with that authority, it held:
When at any time or in any manner it is in good faith represented to the court by a party or an amicus curiae that it has not jurisdiction, the court will examine the grounds of its jurisdiction before proceeding further. The Court may receive testimony on a preliminary question to determine its jurisdiction, and is not bound to dismiss the suit on a mere allegation of lack of jurisdiction, but may inquire into the correctness of the averment.

140 Fla. at 505, 192 So. at 177 (emphasis added) (quoting 15 C.J. 851-853).
In this case, we conclude that the trial court did not make a sufficient evidentiary inquiry into the correctness of the appellees' allegation that the court did not possess subject matter jurisdiction because of federal preemption. The record, in that regard, fails to reflect that appellees carried their burden of establishing by any form of competent evidence that the lens inserted in appellant Hernandez's right eye was a class III medical device subject to regulation by the FDA under the MDA. See generally Mendes v. Medtronic, Inc., 18 F.3d 13 (1st Cir.1994) (discussing doctrine of preemption for class III medical devices under Medical Device Amendments of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 360). Thus, as in Trammell, "[t]he questions presented here are to such a large extent questions of fact (alleged but not yet proven), as well as of law, that lack of jurisdiction is not made conclusively to appear." 140 Fla. at 503, 192 So. at 176. Accordingly, the trial court erred by concluding that the doctrine of federal preemption divested it of subject matter jurisdiction.
The only possible basis in the record for the trial court's conclusion is appellees' version of the facts documented by its attorney in the legal memorandum accompanying the motion to dismiss. We have held, however, in the context of evaluating factual matters asserted in a memorandum of law appearing in the record on appeal, that "unproven utterances documented only by an attorney are not facts that a trial court or this court can acknowledge." Schneider v. Currey, 584 So.2d 86, 87 (Fla. 2d DCA 1991). Accord Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838 (Fla. 2d DCA 1994).
Our decision to reverse, however, is without prejudice to the appellees raising anew the question of the trial court's subject matter jurisdiction based on the doctrine of federal preemption. See, e.g., 84 Lumber Co. v. Cooper, 656 So.2d 1297 (Fla. 2d DCA 1994) (subject matter jurisdiction is so vital to a court's power to adjudicate that its absence can be raised at anytime). Furthermore, if raised, the trial court shall conduct the type of evidentiary inquiry required by Trammell, with the appellees bearing the burden of proof.
Finally, given the state of the record, we make it clear that we are in no position to express an opinion on the merits of appellees' allegation that the MDA has preempted appellants' state law claims. The resolution of that important issue, which strikes at the very core of federal-state relations in the realm of tort law, is for another day in the context of a more fully developed record.
Reversed and remanded for further proceedings with directions.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The appellants also asserted a medical malpractice claim against the optometrist who inserted the lens. He is not a party to this appeal, and that count of the complaint remains pending before the trial court.
[2] Because this attachment is not part of the record, we are unable to determine its nature or to assess its probative value. Moreover, there is no indication in the record that this document was ever introduced into evidence for the trial court's consideration. See Bird v. Bird, 436 So.2d 981 (Fla. 3d DCA 1983); Hillsborough County Bd. of County Comm'rs v. Public Employees Relations Comm'n, 424 So.2d 132 (Fla. 1st DCA 1982).