678 So.2d 884 (1996)
In re ESTATE OF Robert R. FRAPPIER, Jr., deceased.
Barbara FRAPPIER, as Personal Representative of the Estate of Robert R. Frappier, Jr., Appellant,
v.
Bruce WISHNOV, D.O., Bruce Wishnov, D.O., P.A., Sunil C. Patel, M.D., and Health Options, Inc., Appellees.
No. 95-0669.
District Court of Appeal of Florida, Fourth District.
August 21, 1996.
*885 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Theodore Babbitt of Babbitt & Johnson, P.A., West Palm Beach, for appellant.
Steven M. Ziegler of the Law Offices of Steven M. Ziegler, P.A., Hollywood, for appellees.

ON MOTION FOR CLARIFICATION
SPEISER, MARK A., Associate Judge.
We grant the motion for clarification for the limited purpose of correcting our previous opinion, withdraw our earlier opinion at 21 Fla. L. Weekly D1099 (May 8, 1996), and substitute the following:
Appellant, the estate of Robert Frappier Jr., appeals a trial court order dismissing its complaint with prejudice. The estate sued Health Options, Inc., a health maintenance organization (HMO), and two physicians, Drs. Wishnov and Patel, who were assigned by Health Options to attend to the medical needs of Frappier. The estate contended that Frappier died as a result of the medical malpractice of the two doctors.
Health Options, the only party defendant to this appeal, was the subject of counts III through VI of the estate's six count complaint. Count III charged Health Options with direct negligence in selecting the two doctors whom the estate claims were incompetent. Count IV alleged Health Options was vicariously liable for the actions of its agents or apparent agents namely Drs. Wishnov and Patel. Count V was premised upon a corporate liability theory based upon Health Options' breach of a common law and statutory duty to assure the competence of its physicians. Finally, Count VI of the complaint asserted that Health Options breached an implied contractual non-delegable duty to provide appropriate medical care. The trial court dismissed these counts based upon Health Options' contention that the estate's claims "relate to" an ERISA (Employee Retirement Income Security Act) plan and therefore federal question jurisdiction required Frappier's cause of action to be preempted to federal court. See 29 U.S.C. § 1001 et seq.
The estate's motion for rehearing, ultimately denied, alleged that Health Options failed to prove and the trial court failed to determine that an ERISA plan ever existed. The estate now argues that this threshold question must be resolved prior to addressing the issue of whether the dismissed counts are preemptable. We agree and reverse.
Before a state court can conclude that the applicable ERISA federal preemption statute divests it of subject matter jurisdiction, it must be proven that the HMO was an ERISA plan. See Hernandez v. Coopervision, Inc., 661 So.2d 33 (Fla. 2d DCA 1995). In Coopervision, the plaintiff sought damages for personal injuries incurred from an allegedly defective contact lens manufactured by the defendant. Id. at 34. The trial court accepted the defendant's claim that the lens was a device regulated by the Food & Drug Administration and that the applicable federal regulatory statute, 21 United States Code section 360, preempted state law claims of negligence and implied warranties. Id. As in the instant case, the Coopervision plaintiff *886 argued at rehearing that the defendant failed to demonstrate by sufficient evidence that the lens device fell within the applicable federal regulatory scheme that would invoke the preemption statute. Id.
On appeal, the second district concluded that the trial judge failed to make an adequate evidentiary finding as to the propriety of the defendant's assertion that the court lacked subject matter jurisdiction because of federal preemption. Id. at 35. We approve the following quote from the opinion of the second district:
Thus, the party claiming preemption bears the burden of proof and must establish that Congress has clearly and unmistakably manifested its intent to supersede state law.
In State ex. rel B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939), our Supreme Court recognized the authority of a court to hear and determine the question of its jurisdiction both as to parties and to subject matter. Consistent with that authority it held:
... The Court may receive testimony on a preliminary question to determine its jurisdiction, and is not bound to dismiss the suit on a mere allegation of lack of jurisdiction, but may inquire into the correctness of the averment.
Coopervision, 661 So.2d at 34-35. On this issue we are compelled to reverse and remand for an evidentiary hearing to determine if Health Options is an ERISA subject to federal preemption.
Nevertheless, presented with the opportunity, we feel compelled to address the merits of the trial court's determination that the estate's claims against Health Options are preempted by the federal ERISA statute. Generally, actions that "relate to" an ERISA are preempted by federal law. Several Florida state decisions have already resolved various ERISA preemption issues. See Shideler v. Connecticut Gen. Life Ins. Co., 563 So.2d 1082 (Fla. 5th DCA 1990) (ERISA does not preclude a claim in state court for pre-judgment interest in an enforcement action to recover insurance proceeds); Northwestern Nat'l Life Ins. Co. v. Rutta, 599 So.2d 684 (Fla. 4th DCA 1992) (ERISA preempts state law when interpreting health insurance plan); Blue Cross & Blue Shield of Fla. Inc. v. Matthews, 473 So.2d 831 (Fla. 1st DCA 1985) (Florida's collateral source statutes are not preempted by ERISA); In re International Forum of Fla. Health Benefit Trust, 607 So.2d 432 (Fla. 1st DCA 1992) (ERISA does not preempt state statute authorizing assessing employers for any shortfall in multiple employer welfare arrangement funds). However, no state case has addressed whether direct negligence or vicarious liability claims against an ERISA are preempted and we therefore seek guidance from the federal courts.
The ERISA regulatory scheme was promulgated to entrench as exclusively a federal matter pension plan legislation. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The governing provision of ERISA relevant to this discussion is section 514(a) which provides that "this Chapter shall supersede any and all state laws insofar as they may now or hereafter `relate to' any employee benefit plan." 29 U.S.C. § 1144(a).
Properly phrased, the issue becomes whether Frappier's claims against Health Options as delineated in counts III-VI of the complaint are to recover plan benefits due, or to enforce rights, or to clarify rights to benefits under the terms of the plan, as those concepts are detailed in section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Although Pilot Life suggested an expansive interpretation of the triggering jurisdictional clause of the ERISA federal regulatory scheme, the United States Supreme Court in New York Blue Cross v. Travelers Inc., ___ U.S. ___, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), and several more recent lower federal court decisions caution against a literal reading of section 514(a) in determining whether preemption is appropriate. New York Blue Cross directs that in construing the "relate to" phrase of section 514(a), trial courts must analyze the objectives of the ERISA statute to resolve which state laws Congress contemplated would continue to survive the ambit of federal regulation. Id. at ___, 115 S.Ct. at 1677. In other *887 words, statutory or common law claims actionable in state court that are periphery or remotely related to competing laws affecting ERISA should not be preempted to federal court. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).
Frappier's claims are grounded on various theories of negligence, breach of an implied contract and vicarious liability (Count IV). The trial court relied upon Dukes v. United States Health Care Systems of Pa., Inc., 848 F.Supp. 39 (E.D.Pa.1994), for its conclusion that the vicarious liability claim again Health Options was preempted by ERISA. That decision, however, was reversed by the federal appeals court subsequent to the entry of the trial court's order below. Dukes v. U.S. Healthcare, Inc., 57 F.3d 350 (3d Cir.1995).
In its appellate decision, the Dukes court drew the distinction between a lawsuit against an ERISA claiming the withholding of benefits and a claim initiated by Dukes which attacked the quality of benefits provided by the HMO. Id. at 357. As the court explained:
[T]he plaintiff's claims, even when construed as U.S. Healthcare suggests, merely attack the quality of the benefits they received: The plaintiffs here simply do not claim that the plans erroneously withheld benefits due. Nor do they ask the state courts to enforce their rights under the terms of their respective plans or to clarify their rights to future benefits. As a result, the plaintiffs' claims fall outside of the scope of § 502(a)(1)(B) and these cases must be remanded to the state courts from which they were removed.
Id. at 356. Accordingly, Dukes considered and rejected the line of cases cited and relied upon by the lower court in determining that ERISA preempts the instant vicarious liability claim. We agree with the factual dichotomy expressed in Dukes that is critical for this analysis:
[T]here is no allegation here that the HMOs denied anyone any benefits that were due under the plan. Instead the plaintiffs here are attempting to hold the HMOs liable for their role as the arrangers of their decedents' medical treatment.
Id. at 361.
Thus where, as here, an ERISA is implicated by a complaint for failing to provide, arrange for, or supervise qualified doctors to provide the actual medical treatment for plan participants, federal preemption is inappropriate. See Independence HMO, Inc. v. Smith, 733 F.Supp. 983, 987-89 (E.D.Pa. 1990); Elsesser v. Hospital of the Philadelphia College of Osteopathic Medicine, 802 F.Supp. 1286, 1290-1291 (E.D.Pa.1992); Kearney v. U.S. Healthcare, Inc., 859 F.Supp. 182, 186-87 (E.D.Pa.1994); Dearmas v. Av-Med, Inc., 865 F.Supp. 816 (S.D.Fla. 1994); Paterno v. Albuerne, 855 F.Supp. 1263 (S.D.Fla.1994); Burke v. Smithkline Bio-Science Lab., 858 F.Supp. 1181 (M.D.Fla.1994); Rice v. Panchal, 65 F.3d 637 (7th Cir.1995); Pacificare of Oklahoma v. Burrage, 59 F.3d 151 (10th Cir.1995). Therefore, even if Health Options is an ERISA subject to federal preemption, we must conclude that the trial court erred in dismissing the vicarious liability count of the instant complaint.[1]
Concerning the direct negligence, corporate liability and implied contract claims, we concur with the lower court's decision that these allegations would be completely preempted because they present issues unequivocally related to the administration of the plan and are within the scope of section 502(a)(1)(B); Dukes, 57 F.3d at 360; Kuhl v. Lincoln Nat'l Health Plan, Inc., 999 F.2d 298 (8th Cir.1993), cert. denied, 510 U.S. 1045, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994); Kearney v. U.S. Healthcare, Inc., 859 F.Supp. 182 (E.D.Pa.1994); Elsesser v. Hospital of the Philadelphia College of Osteopathic Medicine, 802 F.Supp. 1286 (E.D.Pa. 1992).
Accordingly, this case is remanded with directions to the trial court to hold an evidentiary hearing to determine whether Health *888 Options is an ERISA subject to federal preemption. Upon an appropriate finding, the trial court may dismiss the estate's direct negligence, corporate liability and implied contract claims for a lack of subject matter jurisdiction. However, in no event may the vicarious liability count be dismissed as the same does not "relate to" an employee benefit plan.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] This Court rejects outright as a distinction without substance Appellee's argument that Frappier's drafting of Count II employs language suggesting a theory of "apparent agency" as opposed to "vicarious liability." A review of the foregoing discussed cases indicates these phrases are used interchangeably and at most, present a mere semantic rather than a legal distinction.