691 So.2d 639 (1997)
Julio HERNANDEZ and Lail Finlay, his wife, Appellants,
v.
COOPERVISION, INC., San Jose, California; Coopervision (U.K.) Ltd., South Hampton, England, Appellees.
No. 96-00380.
District Court of Appeal of Florida, Second District.
April 18, 1997.
William A. Post, Dunnellon, for Appellants.
James B. Thompson and Stuart L. Lipshutz of The Thompson Law Group, P.A., St. Petersburg, for Appellees.
FICARROTTA, GASPER J., Associate Judge.
This appeal raises issues concerning the federal preemption of state law causes of action asserted in a lawsuit for injuries sustained from an allegedly defective contact lens. We conclude that preemption of the appellants' claims of negligence, strict liability and breach of implied warranty may occur only where it is shown that a particular state requirement threatens to interfere with a specific federal interest, and, therefore, reverse the lower court's summary judgment with respect to counts two, three, five and six of the third amended complaint. However, we affirm the summary final judgment entered with respect to the claims of implied warranties of merchantability and fitness asserted in counts four and seven of the third amended complaint.
Mr. Hernandez suffered an injury to his eye when the Coopervision hydrophilic extended wear contact lens inserted into his eye by an optometrist created tiny holes in the corneal surface of his eye and permanently damaged his eyesight. Manufacturing accretions called "swarf" on the inner surface of the contact lens caused the injury. The appellants' third amended complaint asserts *640 causes of action against Coopervision for strict liability in tort for defective manufacture (count two), negligent design and manufacture of the contact lens (count three), breach of implied warranties of merchantability and fitness (count four), strict liability in tort for unfitness for intended use (count five), negligence and breach of duty of care in distribution and sale of product (count six), and breach of implied warranties of merchantability and fitness for failure to comply with FDA-approved manufacturing processes (count seven).
This is the second appeal in this case. The first appeal also involved issues of preemption and subject matter jurisdiction. In Hernandez v. Coopervision, Inc., 661 So.2d 33 (Fla. 2d DCA 1995), we reversed the lower court's dismissal of the action because it had not made a sufficient evidentiary inquiry into the correctness of the allegation that the court lacked subject matter jurisdiction because of federal preemption. The ruling, however, was without prejudice to the appellees raising anew the question of the court's subject matter jurisdiction based on federal preemption, and, if raised, directed the lower court to conduct the type of evidentiary inquiry required by State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939).
Since then, the appellants filed the third amended complaint, and the appellees filed a motion for summary judgment urging the lower court to determine that the subject contact lens was a Class III medical device with full premarket approval (PMA). As such, they argued that the preemption clause of the Medical Device Act, 21 U.S.C.A. § 360k(a) ("MDA"), applied to preempt the state law claims. The appellees filed affidavits to support their motion. The documents attached to the affidavits substantiate the appellees' claims that they obtained PMA of the Coopervision hydrophilic extended wear contact lens. The attachments include copies of 21 C.F.R. § 886.5925, which describes the extended wear contact lens as a Class III medical device subject to PMA and letters from the director of the Bureau of Medical Devices, FDA, approving the application and supplemental applications for PMA. The PMA was later supplemented in connection with its approval for use with different types of patients.
Lohr v. Medtronic, Inc., 56 F.3d 1335 (11th Cir.1995), upon which the lower court principally relied in granting summary judgment, was subsequently reversed in part and affirmed in part in Medtronic, Inc. v. Lohr, ___ U.S. ___, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996). Neither party had the benefit of the decision in their briefing in this appeal. The Eleventh Circuit's decision limited its holding to medical devices which had received approval under the "grandfather" or "substantially equivalent" provisions of the MDA. In light of the split among the courts of appeal (including those cases where full PMA was obtained), the Supreme Court analyzed in detail the questions of federal preemption.
The lower court granted summary judgment as to counts two, three, five and six based upon the Lohr decision. Lohr held that state law claims of strict liability and negligent design were not preempted by the MDA, but that state law claims of negligent manufacture and negligent failure to warn were so preempted.
Medtronic affirmed the holdings in Lohr that held there was no preemption on state law claims of strict liability and negligent design, but further, reversed Lohr to the extent that it declared there was preemption of state law claims of negligent manufacture and negligent failure to warn in those cases where the product received less than full PMA. Medtronic generally analyzed the scope of preemption under the MDA and held that the MDA does not preempt state or local requirements that are equal to, or substantially identical to, requirements imposed under federal law, and that claims were not preempted to the extent that they alleged that the manufacturer negligently failed to comply with duties equal to, or substantially identical to, federal requirements.
The Court distinguished the preemption language in the MDA and the preemptive statutes that targeted a limited set of state requirements addressed in Cipollone v. Liggett Group, Inc., 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), and declared that "when Congress enacted section 360k, it was *641 primarily concerned with the problem of specific, conflicting State statutes and regulations rather than the general duties enforced by common-law actions." Medtronic, ___ U.S. at ___, 116 S.Ct. at 2252. The Court also stated that the legislative history confirmed its understanding that section 360k "simply was not intended to pre-empt most, let alone all general common-law duties enforced by damages actions." ___ U.S. at ___, 116 S.Ct. at 2253. The Court agreed with the Lohrs that "[n]othing in s. 360k denies Florida the right to provide a traditional damages remedy for violations of common-law duties when those duties parallel federal requirements." ___ U.S. at ___, 116 S.Ct. at 2255. Further, the "regulations promulgated by the FDA expressly support the conclusion that s. 360k `does not preempt State or local requirements that are equal to, or substantially identical to, requirements imposed by or under the act.'" ___ U.S. at ___, 116 S.Ct. at 2256, citing 21 C.F.R. § 808.1(d)(2)(1995). Looking to the statutory and regulatory language, the Court announced that "it is impossible to ignore its overarching concern that preemption occur only where a particular state requirement threatens to interfere with a specific federal interest." ___ U.S. at ___, 116 S.Ct. at 2257. "The statute and regulations, therefore, require a careful comparison between the allegedly pre-empting federal requirement and the allegedly pre-empted state requirement to determine whether they fall within the intended pre-emptive scope of the statute and regulations." ___ U.S. at ___ ___, 116 S.Ct. at 2257-58.
The appellees' motion for summary judgment was grounded primarily on their request that the trial court determine that their Permavision contact lens was a Class III medical device subject to PMA, and, therefore, that the preemption clause of 21 U.S.C.A. § 360k(a) applied to preempt the strict liability, common law negligence for design and manufacture, common law negligence as a distributor for failure to inspect and for failure to warn of the dangers of hidden defects. The appellees did not carefully compare the pre-empting federal requirements and pre-empted state requirement in their motion for summary judgment as required by Medtronic. We, therefore, reverse the summary judgment as to counts two, three, five and six because the appellees have not examined the state and federal statute and regulations in order to show that there is a conflict between the state and federal regulations of the medical devices which threatens to interfere with a specific federal interest.
The party claiming preemption bears the burden of proof and must establish that Congress has clearly and unmistakably manifested its intent to supersede state law. Bravman v. Baxter Healthcare Corp., 842 F.Supp. 747, 753 (S.D.N.Y.1994). Alternately, that party "must demonstrate that federal law preempts state law to the extent that the state law actually conflicts with or frustrates the purpose of federal law. Thus, if it is possible to comply with both federal and state law, there is neither a conflict nor a frustrated purpose." 842 F.Supp. at 753.
The lower court granted summary judgment on counts four and seven, which allege implied warranties of merchantability and fitness for purpose because the doctrine of strict liability in tort supplants all no-privity breach of implied warranty cases. See Kramer v. Piper Aircraft Corp., 520 So.2d 37 (Fla.1988). Although the appellants note the lower court's holding, they make no argument that the court erred in so holding. We affirm the lower court's summary judgment as to counts four and seven.
Accordingly, we affirm the summary judgment as to counts four and seven and reverse the judgment as to counts two, three, five and six.
Affirmed in part and reversed in part.
PATTERSON, A.C.J., and WHATLEY, J., concur.