PER CURIAM.
Respondent Adams sued petitioner Empire alleging a statutory bad faith failure to pay her claim for medical benefits. Empire contended in the trial court, unsuccessfully, that this is an Employee Retirement Income Security Act (“ERISA”) claim which is within the exclusive jurisdiction of the federal courts. Empire now seeks a writ prohibiting the circuit court from proceeding on this claim, arguing that the Florida state court has no subject matter jurisdiction. Empire relies on Swerhun v. Guardian Life Insurance Co. of America, 979 F.2d 195, 197 (11th Cir. 1992)(if the insurance policy is an employee benefit plan covered by ERISA, a bad faith claim under Florida Statute section 624.155 cannot be maintained).
Although we agree with Empire that federal preemption of ERISA claims deprives Florida state courts of subject matter jurisdiction, In re Estate of Frappier, 678 So.2d 884, 885 (Fla. 4th DCA 1996), that determination cannot be made until it is established as a matter of law that the benefit plan is an ERISA plan. On the state of this record it cannot be determined that this is an ERISA plan, and we accordingly deny the petition.
DELL, KLEIN and STEVENSON, JJ., concur.