BLACK, Judge.
 

 Ernest D. Bennett appeals the order dismissing with prejudice his complaint against the Pasco County property appraiser and the chairman of the Value Adjustment Board (VAB). Mr. Bennett also sued the clerk of the VAB, who was formerly clerk of the circuit court. The dismissal as to the clerk was a nonfinal order, the clerk is not a party to this appeal, and we do not address any claims against him. We affirm the circuit court’s dismissal of Mr. Bennett’s suit against the chairman of the VAB without comment but reverse and remand the dismissal of the suit against the property appraiser.
 

 Mr. Bennett filed his lawsuit pursuant to section 194.171, Florida Statutes (2008), challenging the denial of a homestead exemption for the 2007 tax year. Section 194.171 governs suits against the property appraiser contesting tax assessments and provides that a taxpayer must file his complaint within sixty days from the date the tax assessment is certified for collection or within sixty days from the date a decision is rendered by the VAB as to such assessment. § 194.171(2). In Mr. Bennett’s case, he was required to file his lawsuit within sixty days of January 7, 2008, the date of the VAB’s decision upholding the property appraiser’s denial of the homestead exemption.
 

 Following the filing and service of Mr. Bennett’s complaint, all three defendants filed motions to dismiss. The property appraiser’s motion was filed pursuant to Florida Rule of Civil Procedure 1.420(b), involuntary dismissal, and was intended to dismiss the entire action. Two bases for dismissal were raised: first, that the circuit court lacked subject matter jurisdiction because Mr. Bennett’s lawsuit was date-stamped August 2008, well beyond the March 2008 deadline; and second, that service of process was untimely, in violation of rule 1.070(j). The motion was not verified and no affidavits were filed. Following a twenty-three-minute hearing on all three defendants’ motions, at which counsel for the defendants argued their positions and Mr. Bennett, appearing pro se, was given an opportunity to respond, the circuit court granted the motions to dismiss. The court expressly granted the property appraiser’s motion based upon section 194.171 but denied it as to the service of process issue.
 

 We first note that the appropriate vehicle for the property appraiser’s motion to dismiss was rule 1.140, not rule 1.420(b). A rule 1.420(b) “motion for involuntary dismissal is the proper method by which a defendant may obtain a judgment in his favor following the presentation of the plaintiffs case in chief.”
 
 Valdes v. Ass’n I.N.E.D., H.M.O., Inc.,
 
 667 So.2d 856, 856 n. 1 (Fla. 3d DCA 1996);
 
 see also Day v. Amini,
 
 550 So.2d 169, 171 (Fla. 2d DCA 1989) (concluding a motion to dismiss pursuant to rule 1.420(b) is used in nonju-ry trials and was previously referred to as a motion for directed verdict). Here, no evidence or testimony was presented to the court prior to or during the hearing. Because Mr. Bennett had not been afforded the opportunity to present his case to the coui’t, a rule 1.420(b) motion to dismiss was improper. In contrast, a rule 1.140 motion to dismiss for lack of subject matter jurisdiction may be made at any time or may be stated as an affirmative defense in a responsive pleading. Fla. R. Civ. P. 1.140(b), (h)(2).
 

 Nevertheless, in his motion to dismiss, the property appraiser correctly ar
 
 *669
 
 gued that the sixty-day filing period in section 194.171 is not a statute of limitation or repose but is a jurisdictional requirement.
 
 See Markham v. Neptune Hollywood Beach Club,
 
 527 So.2d 814, 815 (Fla.1988) (“No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (8) [of section 194.171] have been met”). Therefore, the argument continued, because Mr. Bennett’s lawsuit was date-stamped August 20, 2008, the court lacked jurisdiction. The motion, however, does not address Mr. Bennett’s allegations that the clerk of the court failed to process his case properly and that Mr. Bennett spoke with an employee of the clerk’s office who informed him that his case had been mistakenly filed under a “dead case number.”
 

 Regardless of the rule under which the motion was filed, as the moving party, the property appraiser had the burden of establishing the claim made in the motion — that Mr. Bennett’s lawsuit was untimely filed. Florida Rule of Civil Procedure 1.080(e) provides, “The date of filing is that shown on the face of the paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.” “[T]he file marking is merely evidence of filing but is not essential to the validity of the document.”
 
 Strax Rejuvenation & Aesthetics Inst., Inc. v. Shield,
 
 49 So.3d 741, 743 (Fla.2010);
 
 see also Cook v. Walgreen Co.,
 
 399 So.2d 523, 524 (Fla. 2d DCA 1981) (concluding the date shown by the filing stamp is only the presumptive date of filing and that such presumption may be rebutted by other evidence). “[T]he intent of rule 1.080(e), as amended in 1984, is to create a rebuttable presumption that the filing date is the date shown by the clerk’s time stamp placed on the face of the document.”
 
 Strax,
 
 49 So.3d at 744.
 

 In those rare cases in which a paper is delivered to the clerk’s office within the jurisdictional time frame, but for some reason — through inadvertence or error — is not timely stamped by the clerk, the litigant will be denied a just determination of the action if the litigant is precluded from presenting competent, substantial evidence to prove that the deadline was met.
 

 Id.
 

 In evaluating factual matters, “unproven utterances documented only by an attorney are not facts that a trial court or this court can acknowledge.”
 
 Schneider v. Currey,
 
 584 So.2d 86, 87 (Fla. 2d DCA 1991). “ ‘The [c]ourt may receive testimony on a preliminary question to determine its jurisdiction, and is not bound to dismiss the suit on a mere allegation of lack of jurisdiction, but may inquire into the correctness of the averment.’ ”
 
 Hernandez v. Coopervision, Inc.,
 
 661 So.2d 33, 35 (Fla. 2d DCA 1995) (emphasis omitted) (quoting
 
 State ex rel. B.F. Goodrich Co. v. Trammell,
 
 140 Fla. 500, 192 So. 175, 177 (1939));
 
 see also Barnes v. Ostrander,
 
 450 So.2d 1253, 1254 (Fla. 2d DCA 1984) (“Speaking motions with supporting affidavits may be filed in order to attack jurisdiction over the subject matter.”). “The only possible basis in the record for the trial court’s conclusion is [the property appraiser’s] version of the facts documented by its attorney” in the motion to dismiss.
 
 See Hernandez,
 
 661 So.2d at 35. The circuit court “did not make a sufficient evidentia-ry inquiry into the correctness of the ap-pellee[’s] allegation that the court did not possess subject matter jurisdiction.”
 
 See id.
 

 Our record, including the motion to dismiss and the transcript of the hearing, establishes that the property appraiser failed to meet his burden. Mr. Bennett’s lawsuit and the date-stamp thereon were not admitted into evidence at the hearing. Only the arguments of the attorneys and Mr. Bennett were presented to the court.
 
 *670
 
 Therefore, the property appraiser failed to establish by any competent, substantial evidence that the circuit court did not have subject matter jurisdiction over Mr. Bennett’s lawsuit. We also note that had the property appraiser met his burden, Mr. Bennett would have been given an opportunity to submit evidence rebutting the presumption created by the date-stamp on his lawsuit.
 

 Accordingly, we reverse the circuit court’s order granting the property appraiser’s motion to dismiss with prejudice. Our reversal is without prejudice to the property appraiser to again raise the question of subject matter jurisdiction. If raised, the circuit court should conduct an evidentiary hearing as discussed above.
 

 Reversed and remanded for further proceedings.
 

 DAVIS and CRENSHAW, JJ., concur.