# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1719
Lower Tribunal No. 21-25582
_____

**John Doe,**
Appellant,

vs.

**Soothe, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale), for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez, Megan G. Colter and Chanelle Artiles (Tampa), for appellee Soothe, Inc.

Before EMAS, FERNANDEZ and GORDO, JJ.

PER CURIAM.

Affirmed.  See Medytox Sols., Inc. v. Investorshub.com, Inc., 152 So. 3d 727, 730 (Fla. 4th DCA 2014) ("The plain language of section 230 [of the Communications Decency Act] 'creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'" (quoting Zeran v. Am. Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997))); Doe v. Am. Online, Inc., 783 So. 2d 1010, 1018 (Fla. 2001) ("We specifically concur that section 230 expressly bars 'any actions' and we are compelled to give the language of this preemptive law its plain meaning."); White v. Discovery Commc'ns, LLC, 365 So. 3d 379, 387 (Fla. 1st DCA 2023) ("Section 230 clearly preempts Florida law."); Steiner Transocean Ltd. v. Efremova, 109 So. 3d 871, 873 (Fla. 3d DCA 2013) ("[A] court is permitted to consider evidence outside the four corners of the complaint where the motion to dismiss challenges subject matter jurisdiction or personal jurisdiction, or where the motion to dismiss is based upon *forum non conveniens* or improper venue.") (footnotes omitted); Boca Burger, Inc. v. Forum, 912 So. 2d 561, 568 (Fla. 2005) ("Florida courts, including this Court, have held that the issue of federal preemption is a question of subject matter jurisdiction."); Hernandez v. Coopervision, Inc., 661 So. 2d 33, 34 (Fla. 2d DCA 1995) (stating "the issue of federal preemption is a question of subject matter jurisdiction"); Doe v. Kik

2

Interactive, Inc., 482 F. Supp. 3d 1242, 1252 (S.D. Fla. 2020) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999))); Am. Online, Inc., 783 So. 2d at 1013 ("[We] find that section 230 does preempt Florida law as to such a cause of action **based upon alleged negligence**.") (emphasis added); Medytox, 152 So. 3d at 730 ("[T]he Florida Supreme Court held that section 230 preempts Florida law as to causes of action **based in negligence** against an Internet Service Provider as a distributor of information.") (emphasis added).