**Lori PATERNO, Plaintiff,**

v.

**Luis M. ALBUERNE, M.D., and Hip Health Plan of Florida, Inc. f/k/a Hip Network of Florida, Inc., Defendants.**

**No. 94–6237–CIV–GONZALEZ.**

United States District Court, S.D. Florida.

June 13, 1994.

H. Dane Mottlau, Cohen & Cohen, P.A., Hollywood, FL and G. William Bisset, Hardy Bissett & Lipton, P.A., Miami, FL, for plaintiff.

Steven M. Ziegler, Steven M. Ziegler, P.A. Coral Gables, FL, for HIP Health Plan of Florida, Inc.

Jay Cohen, Klein, Tannen & Cohen, P.A., Hollywood, FL, for Dr. Luis M. Albuerne.

**ORDER**

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon Plaintiff's Motion to Remand. The matter has been fully briefed and is ripe for disposition.

The issue at hand is clearly in focus, as the parties agree that there is a split of authority on the determinative question: Does ERISA preempt the type of vicarious liability claim brought by Plaintiff against the defendant health plan? This question is further broken down into the question of whether the tort claim "relates to" the employee benefit plan for the purposes of 29 U.S.C. § 1144(a). If the claim is not preempted by ERISA, then this Court lack subject matter jurisdiction of the cause and remand is required.

As noted, different courts have reached different conclusions regarding this dispositive question. However, the Court has found, and the parties cite, no binding authority on this point. Having reviewed the cases cited by the parties, this Court finds that the balance of authority, and the better reasoning, support the conclusion that ERISA does not preempt the subject claim.

Two points, in particular, buttress the Court's conclusion. First, the Supreme Court in *Mackey v. Lanier Collection Agency & Service,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) made clear that the pervasiveness of ERISA preemption was not unbounded:

ERISA plans may be sued in a second type of civil action, as well. These cases—lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan—are relatively commonplace. Petitioners and the United States ... concede that these suits,

although obviously affecting and involving ERISA plans and their trustees, are not pre-empted by ERISA § 514(a).

*Id.* 486 U.S. at 832–33 at 2187 (footnote omitted). This language clearly seems to lessen the significance that should be attributed to the mere fact that an ERISA plan is "involved" in and would be "affected" by a suit such as the one at hand.

Second, the nature of this suit does not involve the administration and disbursement of ERISA plan benefits, or like functions, which formed the basis of many of the tort claims which have been found by courts to be preempted. *Cf. Spain v. Aetna Life Ins. Co.,* 11 F.3d 129 (9th Cir.1993). The fact that the instant cause of action does not challenge a core function of ERISA—such as the administration of benefits—lends to a finding of tenuousness and remoteness. In other words, the Court believes that drawing a distinction between a suit for wrongful denial of benefits and a suit for the type of vicarious liability alleged here is well founded in the context of preemption analysis.

Accordingly, because it appears that this Court lacks subject matter jurisdiction over this cause, this case shall be remanded. *See* 28 U.S.C. § 1447(c).

Having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that the Motion to Remand is **GRANTED.** This cause and the same shall be and hereby is **REMANDED** to the to the Circuit Court, Broward County, Florida, and **DISMISSED** from this Court's Federal docket.

**DONE AND ORDERED.**