**Ariday Gonzalez DEARMAS, Jorge Dearmas, her husband, Christian Dearmas and Melany Dearmas, her minor children, Plaintiffs,**

v.

**AV–MED, INC., Ramon Hechavarria, M.D., Wayne Kerness, M.D., Wayne Kerness M.D.P.A., Sheldon Meyerson, M.D., Sheldon Meyerson, M.D.P.A. and George Battle, M.D., Defendants.**

No. 94–1455–CIV.

United States District Court,
S.D. Florida.

Oct. 4, 1994.

Mary Margaret Schneider, Miami, FL, for plaintiffs.

Oscar Cabanas, Judith Bass, T. Patrick Ford, Miami, FL, Steven Ziegler, Coral Gables, FL for defendants.

---

### ORDER REMANDING CAUSE TO STATE COURT AND DISMISSING COUNT II OF THE FIRST AMENDED COMPLAINT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Plaintiffs' Motion for Remand (D.E. # 21), filed on September 7, 1994. Defendant Av–Med, Inc. ("Av–Med") filed a response on September 16, 1994. Oral argument was heard on October 3, 1994.

Plaintiffs argue that remand is warranted because the Court lacks subject matter jurisdiction to hear the state law medical malpractice claims involved in this suit. Defendants argue that this Court has jurisdiction over this action because it involves claims brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1988). Defendants further argue that ERISA pre-empts this medical malpractice action and converts

Plaintiffs' state law claims into federal question claims for purposes of removal.

### I. Background

Plaintiffs filed a state court action against Defendant Av–Med in 1992 alleging that Av–Med violated the Florida and Federal "anti-dumping" statutes by causing the transfer of Plaintiff Ariday Gonzalez DeArmas to several hospitals. *See* Fla.Stat. § 395.0142 (1991); 42 U.S.C. § 1395dd (1988). Av–Med removed the action to this Court. On February 10, 1993, this Court affirmed the report of Magistrate Judge Barry L. Garber and dismissed the case after finding that the Court lacked subject matter jurisdiction because the anti-dumping claims were pre-empted under ERISA. *See DeArmas v. Av–Med, Inc.,* 814 F.Supp. 1103 (S.D.Fla.1993). On February 8, 1994, Plaintiffs initiated the instant suit which substituted medical malpractice claims for the Florida and Federal anti-dumping claims and added four treatment physicians as Defendants. On June 17, 1994, Plaintiffs filed a First Amended Complaint in state court alleging negligence by the Defendants and vicarious liability for Defendant Av–Med. Defendant Av–Med, joined by the other Defendants, removed the action to this Court on July 15, 1994.

### II. ERISA Pre-emption

Section 514(a) of ERISA states that ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (1988). This preemption clause is construed broadly. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). However, "[w]hile the ERISA preemption provision must be given a broad construction, surely there are limits." *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1243 (11th Cir.1989) (citations omitted). Run-of-the-mill tort actions against ERISA plans fall outside the scope of section 514(a) of ERISA. *See Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 832–33, 108 S.Ct. 2182, 2186–87, 100 L.Ed.2d 836 (1988) (finding that ERISA does not pre-empt "run-of-the-mill state-law claims such as ... torts committed by an ERISA plan"); *Lordmann Enters., Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1532–34 (11th Cir.1994) (finding

no pre-emption of run-of-the-mill negligent misrepresentation claim against ERISA plan).

Tort actions that seek to hold defendant health maintenance organizations vicariously liable for medical malpractice have been held not to be pre-empted by ERISA. *See Paterno v. Albuerne*, 855 F.Supp. 1263 (S.D.Fla. 1994). In *Paterno*, this Court held that ERISA did not pre-empt a tort action alleging vicarious liability against a health plan because it did not involve the administration of the plan and thus did not fall within ERISA's pre-emption provision. *See also Burke v. Smithkline Bio–Science Laboratories*, 858 F.Supp. 1181 (M.D.Fla.1994) (finding no ERISA pre-emption when plaintiff filed a medical malpractice action against defendant health maintenance plan).

### III. Discussion

 Plaintiffs' First Amended Complaint states negligence claims against all Defendants and seeks to hold Defendant Av–Med vicariously liable for the action of various treatment physicians. Count I of the First Amended Complaint, which seeks to hold Av–Med vicariously liable for the actions of the treatment physicians, does not relate to the plan administration and is not pre-empted by ERISA. *See Paterno v. Albuerne*, 855 F.Supp. 1263 (S.D.Fla.1994).

However, the First Amended Complaint also seeks to hold Defendant Av–Med liable for negligence in the administration of the plan. Plaintiffs allege that Av–Med's Patient Care Coordinator acted negligently in evaluating Ms. DeArmas' condition and in "requir[ing], approv[ing] and/or arrang[ing] the transfer of Ariday Gonzalez DeArmas" to several hospitals. (First Amended Compl. ¶ 39(c)). This negligence claim against Av–Med is pre-empted by ERISA because it relates directly to the administration of the plan and therefore Count II should be dismissed. *See Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1332 (5th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992) (finding ERISA pre-emption of negligence claim against defendant that provided utilization review services for plan). However, the remaining state law claims, including the vicarious liability claim, do not involve the administration of the plan so as to "relate to" ERISA for purposes of ERISA pre-emption.

Thus, after Count II is dismissed, the Court lacks subject-matter jurisdiction over this cause and remand is appropriate. *See* 28 U.S.C. § 1447(c) (1988).

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant Av–Med's Motion to Dismiss be, and the same is hereby, GRANTED IN PART. Count II of Plaintiffs' First Amended Complaint shall be DISMISSED. It is

FURTHER ORDERED and ADJUDGED that Plaintiffs' Motion for Remand (D.E. #21) be, and the same is hereby, GRANTED. The above-styled case shall be REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

DONE and ORDERED.