Andrew **YANEZ, a profoundly damaged and permanently totally disabled minor (d/o/b 11/15/93), Through his parents, natural guardians, and next friends, Carlos YANEZ and Karin Yanez; Carlos Yanez and Karin Yanez, individually, and Carlos Yanez and Karin Yanez, as co-personal representatives of the Estate of Matthew Yanez, their deceased minor son (d/o/b 11/15/93, d/o/d 11/17/93), and on behalf of themselves individually as surviving parents, Plaintiffs,**

v.

**HUMANA MEDICAL PLAN, INC., a Florida corporation; Columbia Hospital Corporation of South Broward, a Florida Corporation, d/b/a Westside Regional Medical Center; Omar Costa, M.D.; Pediatrix Medical Group, Inc., a Florida corporation; Simon Tsinker, M.D.; and Simon Tsinker, M.D., P.A., a Florida Professional association, Defendants.**

**No. 96–7350–CIV.**

United States District Court, S.D. Florida.

Jan. 16, 1997.

Timothy J. Hmielewski, Ft. Lauderdale, FL, for Plaintiffs.

James Solomon Haliczer, Haliczer, Pettis & White, Ft. Lauderdale, FL, for Defendants.

## *ORDER OF REMAND*

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Defendant Humana Medical Plan, Inc.'s ("the HMO") Motion to Dismiss and/or for Partial Summary Judgment, filed November 25, 1996; and "Plaintiffs'/Respondents' Reply to Defendant/Petitioner HMO's Petition for Removal and Motion to Dismiss and/or for Partial Summary Judgment," deemed to be a motion for remand, filed January 2, 1997. For the reasons set forth below, this matter is remanded to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

## BACKGROUND

This action was initially filed in the Circuit Court, in and for Broward County, Florida. In the complaint, the plaintiffs allege that the defendant doctors, hospital and HMO were negligent in their care and treatment of Karin Yanez during her high-risk pregnancy with twins. Plaintiffs further allege that this purported negligence resulted in (1) the death of one twin two days after delivery and (2) the birth of the other with profound brain damage including blindness. The claims against the HMO are based on vicarious liability for the alleged negligence of its agent health care providers, and on direct negligence. The HMO asserts that it is an employee benefit plan, as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* As such, it removed the action to this Court, asserting that ERISA completely preempts plaintiffs' medical negligence cause of action.

## DISCUSSION

### 1. ERISA Preemption

Section 514(a) of ERISA provides that ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Courts construe this preemption clause broadly. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). However, there are limits to this principle of broad construction. For instance, the United States Supreme Court has found that "run-

of-the-mill state law claims such as ... torts committed by an ERISA plan" fall outside the scope of section 514(a) of ERISA. *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 832–33, 108 S.Ct. 2182, 2186, 100 L.Ed.2d 836 (1988). Moreover, within this Circuit, courts have found that tort actions that seek to hold defendant health maintenance organizations vicariously liable for medical malpractice are not preempted by ERISA. *See Dearmas v. Av–Med, Inc.,* 865 F.Supp. 816 (S.D.Fla.1994); *Paterno v. Albuerne,* 855 F.Supp. 1263 (S.D.Fla.1994). For the foregoing reasons, the Court finds that removal was inappropriate in the instant case.

Moreover, in Defendant HMO's attempt to bolster its petition for removal and motion to dismiss, it represented to the Court that:

> 16. ... As was noted by the Court in *Dukes v. U.S. Health Care Systems of Pennsylvania, Inc.:* "[A] medical malpractice claim against an HMO whether couched in direct or vicarious liability terms relates to the benefit plan.... The question is one of relating to plan performance to plan promise, and is therefore preempted by ERISA." 848 F.Supp. 39, 42 (E.D.Pa.1994) · *reversed on other grounds,* 57 F.3d 350 (3rd Cir.1995).

Defendant HMO's Memorandum of Law at page 9, ¶ 16 (emphasis added). The Court notes that the HMO's reliance on *Dukes* is misplaced. In spite of the HMO's assertion to the contrary, the principle for which it cited the case is the precise basis for the reversal. *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350 (3rd Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995). Therefore, even the case law propounded by the HMO promotes the Court's finding that removal was improper in this case.

### 2. Timing of Plaintiffs' Objection to Removal

 In its Reply, the HMO accurately asserts that the plaintiffs' objections to removal were not made within thirty days of the filing of the Petition for Removal. However, the HMO is incorrect in its assertion that this time lapse should act as a bar to any motion for remand. 28 U.S.C. § 1447(c) provides a thirty day limitation for motions to remand that are made on the "basis of any defect in removal procedure." Plaintiffs' objections to removal are substantive, not procedural. Moreover, the same section of the statute indicates that the Court may remand a matter, at any time prior to final judgement, if it finds it is without subject matter jurisdiction. 28 U.S.C. § 1447(c). Consequently, plaintiffs' objections are not time barred. As noted above, the Court finds that plaintiffs' claims against the HMO are not preempted by ERISA. Therefore, the Court further finds that it is without subject matter jurisdiction, and, consequently, this action must be remanded.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that "Plaintiffs'/Respondents' Reply to Defendant/Petitioner HMO's Petition for Removal and Motion to Dismiss and/or for Partial Summary Judgment," deemed to be a motion for remand, filed January 2, 1997, is GRANTED. Accordingly, this cause shall be, and the same is hereby, REMANDED to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. All pending motions not otherwise ruled upon are DENIED AS MOOT, and this case is CLOSED.

Pursuant· to 28 U.S.C. § 1447(c), it is further

ORDERED AND ADJUDGED that this Court retains jurisdiction for the sole purpose of hearing a motion for costs and actual expenses, including attorneys' fees, incurred as a result of the removal.