Marc LANE, Plaintiff,

v.

HEALTH OPTIONS, INC., Health Options Inc. a subsidiary of Blue Cross Blue Shield of Florida, Inc., and Blue Cross Blue Shield of Florida, Inc., John Russin, M.D. and John Russin, M.D., P.A., Defendants.

No. 02–60212–CIV.

United States District Court,
S.D. Florida.

July 25, 2002.

**1302**

Kenneth Donald Cooper, Fort Lauderdale, FL, for Marc Lane, plaintiff.

Steven Mark Ziegler, Steven M. Ziegler, PA, Hollywood, FL, for Health Options, Inc., a subsidiary Blue Cross Blue Shield of Florida, Inc., defendant.

Dennis M. O'Hara, Robert Emerito Paradela, Wicker Smith Tutan O'Hara McCoy Graham & Ford, Fort Lauderdale, FL, for John Russin, M.D., defendant.

Honorable Patricia A. Seitz.

### ORDER

BANDSTRA, United States Magistrate Judge.

**THIS CAUSE** came before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (D.E.17) filed on May 10, 2002; and (2) Plaintiff's Motion to Remand to State Court (D.E.22) filed on June 6, 2002. Previously, the parties consented to the exercise of jurisdiction of the undersigned for these motions pursuant to 28 U.S.C. § 636(c) (D.E.19). Having fully considered these motions, all responses and replies thereto, the court file, and applicable law, it is hereby

ORDERED AND ADJUDGED that (1) Defendant's Motion to Dismiss is GRANTED with respect to Counts I, II, III, VI, and VII, but DENIED as to Count V; and (2) Plaintiff's Motion to Remand is DENIED except with respect to Count V.

### ANALYSIS

I. *Background*

Marc Lane ("plaintiff"), filed his Third Amended Complaint (D.E.11) on April 10, 2002.[1] Plaintiff alleges several causes of action against defendants including "Negligence – Medical Management Decision to Change Medical Procedure" (Count I), "Breach of Contract" (Count II), "Common Law Bad Faith" (Count III), "Deceptive and Unfair Trade Practices" (Count IV),

---

1. Plaintiff originally brought suit in state court on or October 2, 1998. Defendants subsequently removed the case to federal court asserting that plaintiff's claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. On August 16, 1999, the Honorable Patricia A. Seitz dismissed plaintiff's claims for breach of contract, bad faith, and deceptive and unfair trade practices holding that these claims were preempted by ERISA, but remanded the negligence count to state court, finding that this claim was based on a theory of vicarious liability, which was not preempted by ERISA. *See* Case No. 99–6253–Civ–Seitz (D.E.30). Judge Seitz also granted plaintiff 20 days to file an amended complaint in order to assert a claim under ERISA.

On October 1, 1999, defendants filed a motion to dismiss plaintiff's first amended complaint in state court based on plaintiff's failure to provide pre-suit notice and Fla.Stat. § 95.11(4)(b). The Honorable Leroy Moe, state circuit court judge, granted defendant's motion. On appeal, the Fourth District Court of Appeals reversed and remanded the case, granting plaintiff the opportunity to amend. Plaintiff then filed a second amended complaint in state court. On February 8, 2002, defendants filed a motion to dismiss the second amended complaint in state court and removed the matter to federal court on the basis of ERISA preemption. An Order on the

"Negligence In Monitoring Physician" (Count V), "Negligence In Cost Containment Mechanism" (Count VI), and "Negligence In Reducing the Quality of Benefits" (Count VII).[2] In essence, plaintiff claims that defendants negligently refused to provide medical services recommended by his treating physician, and instead provided an alternative treatment, which plaintiff contends was of "lesser" quality. Defendants respond by asserting that they are employee benefit plans as defined by the Employee Retirement Income Security Act ("ERISA"). As such, defendants removed the action to this Court and now move to dismiss the complaint on the basis that plaintiff's claims are preempted under ERISA. Plaintiff, on the other hand, moves to remand the case to state court, asserting that his claims are not within the scope of ERISA's preemption clause, 29 U.S.C. § 1144(a).

## II. *Preemption and Subject Matter Jurisdiction*

Defendants assert that ERISA preemption was an appropriate basis for removal in this case and, as such, this Court retains jurisdiction to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as plaintiff fails to plead any claims under ERISA. In contrast, plaintiff argues that this Court should remand this case to state court because under the "well pleaded complaint rule," he has set forth state law claims, rather than federal law claims.

Generally, a cause of action arises under federal law for removal purposes only when the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 107 S.Ct. 1542, 1546–47 (1987); *see also Pryzbowski v. U.S. Healthcare Inc.*, 245 F.3d 266, 271 (3d Cir.2001). The federal defense of "conflict preemption," provided for by § 514 of ERISA, does not automatically provide an independent basis for federal jurisdiction. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir.1996). However, one corollary of the well-pleaded complaint rule developed in the case law is that Congress may "completely preempt a particular area so that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co.*, 107 S.Ct. at 1546–47. The "complete preemption" doctrine has been applied to certain ERISA claims because Congress, through the jurisdictional language in § 502(a) of ERISA, has manifested its intent to make causes of action within the

---

parties Agreed Motion to File an Amended Complaint was entered on March 27, 2002 by Judge Seitz, allowing plaintiff ten days to amend (D.E.7, 9). Plaintiff subsequently filed his Third Amended Complaint.

**2.** Plaintiff voluntarily dismissed his breach of contract and deceptive and unfair trade practices counts due to the ruling of this Court on August 16, 1999. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (D.E.22). Additionally, the undersigned finds that this Court previously found that plaintiff's common law bad faith claim was preempted by ERISA in its Order dated August 16, 1999, so that plaintiff's negligence claim was the only count remanded to state court. *See* Order Granting in Part Defendant's Motion to Dismiss, Case No. 99–6253 (D.E.30). Plaintiff chose not to amend within the 20 day time period granted by Judge Seitz. Thus, the undersigned finds no reason to reconsider any claim previously decided by this Court. *See United States v. Escobar–Urrego*, 110 F.3d 1556, 1561 (11th Cir.1997) ("[A] decision of a legal issue or issues ... establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court"). Accordingly, the undersigned finds no need to further address these counts herein.

scope of ERISA's civil enforcement provisions removable to federal court. *Jass*, 88 F.3d at 1487; *and Metropolitan Life Ins. Co.*, at 1547. Thus, a claim within the scope of ERISA's § 514(a) conflict preemption and § 502(a) is completely preempted and removable.

 Under § 514(a) of ERISA, if a "state law relate[s] to . . . employee benefit plan[s]," it is preempted. *See* 29 U.S.C. § 1144(a). The phrase "relates to" is construed according to its "broad, common sense meaning, such that a state law relates to a benefit plan . . . if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); *and Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321 (5th Cir. 1992); *but see New York State Conference of Blue Cross v. Travelers Inc.*, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (trial courts must analyze the objectives of ERISA to resolve which state laws Congress contemplated would survive the ambit of federal regulation). For complete preemption, a claim must fall within ERISA's civil enforcement provisions found in § 502(a). *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3rd Cir.1995). This includes claims "to recover [plan] benefits due . . . under the terms of [the] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Accordingly, any causes of action, whether statutory or common law claims, allegedly arising from

administration or handling of a benefits determination are preempted and should be dismissed as ERISA's civil enforcement provisions provide an exclusive remedy. *Pilot*, 481 U.S. at 53–54, 107 S.Ct. 1549; *see also Dukes*, 57 F.3d at 360; *and Corcoran*, 965 F.2d at 1329 fn. 10.

In this case, plaintiff has purported to raise only state law causes of action. Nonetheless, a federal court may look beyond the face of a complaint to determine whether a plaintiff has attempted to "couch a federal claim in terms of state law." *Jass*, 88 F.3d at 1488; *see also Metropolitan Life Ins. Co.*, 107 S.Ct., at 1547–48; *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) ("[A] plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint"). Plaintiff claims that his injuries were caused by defendants' failure to approve a recommended treatment procedure and instead authorizing a "lower quality" procedure. Plaintiff relies on *Dukes* to assert that defendants made a medical decision affecting the "quality" of treatment, and therefore, his claims do not "relate to" a benefit plan, but rather to medical negligence.[3] Plaintiffs reliance, however, is misguided. Although courts have held that claims arising from the low quality of medical treatment actually received are not preempted, plaintiff's case is distinguishable. *See Dukes*, 57 F.3d at 360.

 In *Dukes*, plaintiffs were complaining about the quality of care they actually received rather than the HMO's failure to

---

**3.** The undersigned notes that plaintiff previously argued in state appellate court that defendants made an administrative decision rather than a medical decision. However, the undersigned finds that consideration of the relevant factors in this case weigh against application of the doctrine of judicial estoppel. *See Burnes v. Pemco*, 291 F.3d 1282 (11th Cir.2002).

provide benefits. The court in *Dukes* found that a claim concerning the quality of a benefit received is not a claim under § 502(a)(1)(B) to "recover benefits due . . . under the terms of [the] plan." *Dukes*, 57 F.3d at 357. In the present case, in Counts I, VI, and VII, plaintiff is claiming that defendants failed to pay for and provide a recommended treatment. Specifically, plaintiff alleges that "[d]efendant was negligent in . . . [making] a decision, as a person not acting as a physician, but a manager of the HMO to change the medical procedure," and "[d]efendant, attempting to save money . . . negotiated a lower price on a different procedure of lesser quality and changed the medical procedure based upon costs, not medical practice." *See* Plaintiff's Third Amended Complaint, Counts I, VI, VII (D.E.11). These claims directly attack defendants' administrative functions and the "quantity of benefits" rather than the quality of care received. *See Dukes*, 57 F.3d at 356–58; *and Pryzbowski*, 245 F.3d at 273. Thus, the undersigned finds that plaintiff is challenging the denial of ERISA plan benefits and, therefore, his claims entitled "Negligence – Management Decision to Change Medical Procedure" (Count I), "Negligence in Cost Containment Mechanism" (Count VI), and "Negligence in Reducing the Quality of Benefits" (Count VII), relate to an employee benefit plan and fall within the scope of ERISA's § 502 civil enforcement provisions.[4] Therefore, the undersigned finds that counts I, VI, and VII are necessarily federal in character, and therefore, removable and completely preempted.

### III. *Motion to Dismiss*

Defendants additionally assert that plaintiff has failed to plead any claims

under § 502(a) of ERISA and therefore, move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As mentioned above, the civil enforcement provisions provided for in § 502(a) of ERISA were intended to displace state causes of action and provide an exclusive list of remedies available to ERISA participants and beneficiaries. *Pilot Life Ins. Co.*, 107 S.Ct. at 1558. In this case, while plaintiff has pleaded claims which fall within the scope of § 502(a) as they challenge the denial of plan benefits, plaintiff has nonetheless continuously failed to request relief available under ERISA and the civil enforcement provisions of § 502(a). Section 502(a) provides that "a beneficiary may only recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plans." *See* Section 502(a), as set forth in 29 U.S.C. § 1132(a); *and Jass*, 88 F.3d at 1491. Thus, if a claim falls within the scope of § 502(a), the plaintiff's ability to recover damages is limited. *Jass*, 88 F.3d at 1491 (*quoting Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir.1995)).

Generally, where a claim has been recharacterized as one alleging a denial of benefits, plaintiff should be granted leave to amend in order to request appropriate relief and plead under ERISA. *Jass*, 88 F.3d at 1491. However, in *Jass*, the Seventh Circuit stated that "artful pleading of an ERISA case to avoid federal jurisdiction may result in dismissal, without an opportunity to amend." *Id.; see also Maciosek v. Blue Cross & Blue Shield*, 930 F.2d 536, 541 (7th Cir.1991) (affirming dismissal of ERISA claim deliberately plead-

---

4. Accordingly, plaintiff's claims for attorney's fees and costs under these counts are also preempted.

**1306**

ed as state law claim); *and Shannon v. Shannon,* 965 F.2d 542, 553 (7th Cir.1992) (noting that where counsel deliberately seeks to avoid a federal claim, "the case . . . begs dismissal.)

■ In this case, the undersigned finds that plaintiff has deliberately avoided a federal cause of action under ERISA. Specifically, plaintiff has been given various opportunities to amend his complaint in order to properly state a claim under ERISA, but has chosen not to plead under ERISA. In its August 16, 1999 Order, this Court granted plaintiff twenty (20) days to amend "to file an Amended Complaint asserting a claim under ERISA." *See* Case No. 99–6253–Civ–Seitz (D.E.30). Plaintiff was then given two subsequent opportunities to amend, once by the Fourth District Court of Appeals in November 2000, and again by this Court on or about March 27, 2002 (D.E.9). In response, plaintiff has chosen not to plead or request appropriate relief under ERISA, but rather to assert claims almost identical to those previously found preempted. Therefore, the undersigned now dismisses Counts I, II, III, VI, and VII with prejudice in light of previous rulings on these causes of action and plaintiff's continuing failure to plead an actionable claim under ERISA. *See Escobar–Urrego,* 110 F.3d at 1560 ("[A] decision of a legal issue or issues . . . establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court"); *and Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815–16, 108 S.Ct. 2166, 2177–78, 100 L.Ed.2d 811 (when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the case).

■ However, Count V of plaintiff's Third Amended Complaint is based on a theory of vicarious liability, which is not within the scope of ERISA's § 502(a) civil enforcement provisions. Plaintiff's Count V negligence claim is almost identical to the negligence claim in his First Amended Complaint, which this Court previously found was not preempted by ERISA. *See* Order Granting in Part Defendant's Motion to Dismiss, Case No. 99–6253 (D.E.30). While a claim for vicarious liability may be subject to "conflict preemption" under § 514(a), it is not subject to the jurisdictional doctrine of "complete preemption" under § 502(a). *Jass,* 88 F.3d at 1488; *Rice v. Panchal,* 65 F.3d 637, 646 (7th Cir.1995); *Yanez v. Humana Medical Plan, Inc.,* 969 F.Supp. 1314 (S.D.Fla.1997); *Dearmas v. Av–Med, Inc.,* 865 F.Supp. 816 (S.D.Fla.1994); *and Paterno v. Albuerne,* 855 F.Supp. 1263 (S.D.Fla.1994). Therefore, because Count V is a vicarious liability claim it is not subject to complete preemption. Thus, this Court lacks subject matter jurisdiction over this claim and accordingly remands this count to state court. *See Pryzbowski,* 245 F.3d at 276 (when the doctrine of complete preemption does not apply, the district court is without jurisdiction to resolve the dispute).

### SUMMARY

For all of the foregoing reasons, the undersigned orders that (1) Defendant's Motion to Dismiss is GRANTED with respect to plaintiff's Counts I, II, III, IV, and VII, but DENIED as to Count V; and (2) Plaintiff's Motion to Remand is DENIED except with respect to Count V, which is accordingly REMANDED to state court.