OPINION OF THE COURT
Per Curiam.
Order, dated February 3, 2014, modified to the extent of conditioning the order of dismissal upon defendant’s waiver of any jurisdictional and statute of limitations defenses in California; as modified, order affirmed, without costs.
We agree with the motion court that the action should be dismissed, albeit on grounds different from those stated. Defendant’s motion to dismiss for lack of personal jurisdiction should have been denied since he consented to the jurisdiction of New York’s courts in the underlying equipment lease and guaranty (see State Bank of India v Taj Lanka Hotels, 259 AD2d 291 [1999]). Defendant’s general allegations of fraud are insufficient to render the consent to jurisdiction and forum selection provisions contained in the lease and guaranty unenforceable for the purpose of this action. Defendant does not allege that these provisions were induced by fraud (see Harry Casper, Inc. v Pines Assoc., L.P., 53 AD3d 764, 764-765 [2008]; British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234 [1991]). Insofar as defendant alleges that the entire transaction is void ab initio, his admitted failure to read the documents precludes such defense (see Vulcan Power Co. v Munson, 89 AD3d 494 [2011], lv denied 19 NY3d 807 [2012]).
However, a contractual forum selection clause, while prima facie valid and enforceable (see Brooke Group v JCH Syndicate *45 488, 87 NY2d 530, 534 [1996]), may be set aside if it is shown by the resisting party to be unreasonable or unjust, or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court (see Sterling Natl. Bank v Eastern Shipping Worldwide, Inc., 35 AD3d 222 [2006]).
In the instant matter, the parties’ controversy has no substantial nexus with New York. The entire equipment lease transaction was executed in California; defendant’s business, where the equipment is located, is in California; and defendant is a resident of California with no ties to New York. “[0]ur courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York” (Silver v Great Am. Ins. Co., 29 NY2d 356, 361 [1972]). Moreover, defendant is now 86 years old and the principal amount in dispute ($1,839.77) is minor. In the particular circumstances of this case, enforcement of the forum selection provision would be unreasonable. In light of the substantial contacts with California, we favorably exercise our discretion to grant defendant’s motion to dismiss on the ground of forum non conveniens (3H Enters. v Bennett, 276 AD2d 965 [2000], lv denied 96 NY2d 710 [2001]; U.S. Mdse., Inc. v L&R Distribs., Inc., 122 AD3d 613 [2014]). In order to assure the availability of forum for the action, we have conditioned the dismissal as indicated (see CPLR 327 [a]; Wild v University of Pa., 115 AD3d 944, 946 [2014]).
Schoenfeld, J.P. and Ling-Cohan, J., concur.