**Paysafe Ltd. v Koller**

2025 NY Slip Op 31603(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 655350/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. LYLE E. FRANK

*Justice*

PART                11M

-----------------------------------------------------------------------------X

PAYSAFE LIMITED

Plaintiff,

- v -

STEVEN KOLLER,

Defendant.

-----------------------------------------------------------------------------X

INDEX NO.          655350/2024

MOTION DATE        12/23/2024

MOTION SEQ. NO.        001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, defendant's motion is denied.

**Background**

Paysafe Limited ("Plaintiff") is a platform that enables payment processing (such as digital wallets) between customers and businesses. Steven Koller ("Defendant") was employed by one of Plaintiff's subsidiaries for seven years and worked as a Vice President of New Business Development. Starting in 2021, Plaintiff repeatedly offered bonus compensation to Defendant in the form of a grant of restricted stock units ("RSUs"). These are shares of stock that come with certain restrictions or conditions that must be met and are a common method of attracting and retaining corporate leadership. For each grant of RSUs, the parties entered into a Restricted Stock Unit Agreement (the "Agreement") which contained certain restrictive covenants associated with the stock grant, including a non-compete clause. This Agreement contained a New York choice of law and venue provision. In July of 2024, Defendant left Plaintiff to join one of Plaintiff's biggest competitors. As a result, Plaintiff brought the present

655350/2024   PAYSAFE LIMITED vs. KOLLER, STEVEN
Motion No.  001

Page 1 of 6

1 of 6

proceeding, pleading breach of contract and requesting injunctive relief, a declaratory judgment, and compensatory damages.

**Standard of Review**

CPLR § 3211(a)(8) permits a party to move to dismiss a cause of action asserted against them on the grounds that the court lacks personal jurisdiction over them. It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

**Discussion**

Defendant brings the present pre-answer motion to dismiss for lack of personal jurisdiction. He is a Nebraska resident, and he did not conduct business for Plaintiff in New York at any time. For a New York court to have person jurisdiction over a non-domiciliary, the New York long-arm statute found in CPLR § 302 must be satisfied, as well as the U.S. Constitutional due process analysis. *See, e.g., LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 [2000]. But even if a party would not satisfy either or both prongs, they may consent to personal jurisdiction by a valid and enforceable forum selection clause. *See, e.g., P.S. Fin., LLC v. Eureka Woodworks, Inc.*, 214 A.D.3d 1, 17 – 18 [2nd Dept. 2023]; *Sterling Natl. Bank v. Eastern Shipping Worldwide, Inc.*, 35 A.D.3d 222, 222 [1st Dept. 2006]. The Agreement that forms the basis of this action contains a forum selection and choice of law provision. Therefore, the issue

**655350/2024   PAYSAFE LIMITED vs. KOLLER, STEVEN**
**Motion No.  001**

**Page 2 of 6**

2 of 6

[* 2]

before the Court here is whether the forum selection clause in the Agreement is valid and binding.

The relevant portion of the Agreement reads as follows:

THIS RESTRICTED SHARE UNIT AGREEMENT AND ITS ENFORCEMENT AND ANY CONTROVERSY ARISING OUT OF OR RELATING TO ANY RIGHTS AND OBLIGATIONS HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK. Participant hereby (a) agrees that any action, directly or indirectly, arising out of, under or relating to the Restricted Share Units hereunder shall exclusively be brought in and shall exclusively be heard and determined by either the Supreme Court of the State of New York sitting in Manhattan …
[capitals in original]

The parties do not dispute that the first sentence requires that Plaintiff's claims against Defendant be governed by New York law. Defendant argues that because the forum selection sentence following refers to "Restricted Stock Units" and not "Restricted Stock Unit Agreement", the forum selection clause is more limited than the choice of law clause. Because the complaint "seeks no relief and alleges no dispute with respect to" the RSUs, Defendant argues that the forum selection clause does not apply. It is not disputed that the grant of the RSUs was subject to the restrictive covenants in the Agreement, and that the said restrictive covenants were agreed to in consideration for the grant.

The question becomes whether an action to enforce a restrictive covenant, that Defendant agreed to in exchange for the RSU compensation, is an action that "indirectly" "relates to" the said compensation. Defendant urges the Court to consider the "relates to" portion as a general catch-all provision that must be limited by the use of "arising out of" and "under" preceding it. Essentially, Defendant is arguing that the Plaintiff's claim must explicitly arise out of the stock units themselves. But this interpretation would negate the use of the phrase "relates to" and render it superfluous, as well as the word "indirectly." The phrase "relates to" has been considered by the Court of Appeals and the U.S. Supreme Court as "having a connection with, or

**655350/2024  PAYSAFE LIMITED vs. KOLLER, STEVEN**
**Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

reference to the subject matter set forth", albeit a connection that must be "subject to some limitation." *Matter of the People of the State of New York, by Eliot Spitzer, as Attorney Gen. v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 116 [2008].

It will be helpful to look at other applications of the phrase "relates to". In the ERISA context, "the phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Tufino v. New York Hotel & Motel Trades Council & Hotel Ass'ns Local 6*, 223 A.D.2d 245, 247 [1st Dept. 1996]. When interpreting the phrase 'proceeds relating to' a sale in a contract, the First Department reversed the trial court on the grounds that its interpretation of the phrase was "unduly constrained" and held that "the phrase relating to indicates that the proceeds do not have to be specifically in exchange for a sale of interests in the manager but instead must have some connection or relation to such a sale." *McKeon v. Musallam*, 211 A.D.3d 407, 409 [1st Dept. 2022]. Here, the restrictive covenants were singled out and explicitly stated multiple times to constitute consideration for the RSUs. It logically flows, then, that the restrictive covenants must connect to or relate to the RSUs. Therefore, because here the complaint seeks to remedy a breach of the restrictive covenants, the action would satisfy the indirectly relating to the RSUs requirement. The forum selection clause binding as regards the restrictive covenants and this case.

### *Defendant Waived Right to Dismiss Under Forum Non Conveniens*

Defendant has urged the Court to dismiss the action on the grounds of *forum non conveniens* even if the forum selection clause is found to be valid. This doctrine allows a court to dismiss an action when it "finds that in the interest of substantial justice the action should be heard in another forum." CPLR § 327(a). The First Department has held that "where a party to a

**655350/2024   PAYSAFE LIMITED vs. KOLLER, STEVEN**
Motion No.  001

**Page 4 of 6**

4 of 6

contract has agreed in advance of litigation to submit to the jurisdiction of a court, she is later precluded from attacking that court's jurisdiction on grounds of forum non conveniens." *National Union Fire Ins. Co. v. Worley*, 257 A.D.2d 228, 232 [1st Dept. 1999]. But a forum selection clause "may be set aside if it is shown by the resisting party to be unreasonable or unjust […] such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court." *Northern Leasing Sys., Inc. v. French*, 48 Misc. 3d 43, 45 [1st Dept. 2015]. In *Northern*, the court decided to "favorably exercise [their] discretion" "in the particular circumstances of this case" to dismiss despite a forum selection clause. *Id*. These circumstances included no substantial nexus with New York, an amount in controversy under $2,000, and an elderly defendant. *Id*. Defendant also cites to *3H Enterprises*, in which a "significant" factor in the court's discretionary dismissal was that the defendants were "senior citizens who suffer from health problems which make it difficult and inadvisable to travel." *3H Enterprises v. Bennett*, 276 A.D.2d 965, 967 [3rd Dept. 2000]. The Court does not find that the circumstances of the present case are such that would necessitate dismissal despite a binding forum selection clause. Accordingly, it is hereby

ADJUDGED that the defendant's motion to dismiss is denied; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

**655350/2024   PAYSAFE LIMITED vs. KOLLER, STEVEN**
**Motion No.  001**

**Page 5 of 6**

20250502152218LFRANK6F278?6916EA417383553A1C2F773527

**5/2/2025**

**DATE**                                                                              **LYLE E. FRANK, J.S.C.**

| | | | | | | |
|---|---|---|---|---|---|---|
| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
| | | GRANTED | **X** DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**655350/2024   PAYSAFE LIMITED vs. KOLLER, STEVEN**                                         **Page 6 of 6**
**Motion No.  001**

6 of 6

[* 6]